James E. THOMAS and Nadie Belle Thomas, Husband and Wife, Appellants,

v.

MERRITT-CHAPMAN & SCOTT CORPORATION, a Delaware Corporation, Appellee.

No. 17613.

United States Court of Appeals Ninth Circuit.

May 15, 1962.

Mesch, Marquez & Rothschild, John K. Mesch, Hirsch, Van Slyke, Richter & Ollason, Tucson, Ariz., for appellants.

Shimmel, Hill, Kleindienst & Bishop, Rouland W. Hill, Phoenix, Ariz., for appellee.

Before HAMLIN, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

Appellants brought suit in tort against appellee in the United States District Court for the District of Arizona. Jurisdiction was founded on diversity of citizenship. In its answer appellee alleged that appellant had waived his cause of action by electing to take compensation under the Arizona Workmen's Compensation law. See Section 23–1024(A), Arizona Revised Statutes. The trial court held a hearing limited to this defense. Appellant was the principal witness. The Court found that appellant had known that he had a cause of action against appellee and had also known that if he accepted compensation under the Workmen's Compensation law he would lose that cause of action. The Court further found that with this knowledge appellant had applied for and received compensation from the Industrial Commission of Arizona. The Court concluded that appellant had waived his right to institute the third-party action, and ordered the complaint dismissed.

As appellant states it, on this appeal "the issue and the only issue * * * is, did the appellant know that he had a cause of action against appellee, and if he did, did he within a reasonable length of time elect to sue the third party defendant." And, appellant continues, "the only way to determine this is to look at the evidence."

We have examined all of the evidence in the record with care, mindful of the admonition that a trial court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a), 28 U.S.C.A.

We are not "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Therefore, the judgment must be, and it hereby is, affirmed.